CatRon, Ch. J.,
delivered the opinion of the court.
The relief sought by the bill is resisted on different grounds. First. Because Gann assigned away the notes, and which stood so assigned, and the property of others, at the time the mortgage was made and registered.
It is contended, there could be no lien resting in Gann, he having parted with the securities, and all right of action thereon. That in this situation the creditors of William P. Chester took their mortgage, and no subsequent act of Gann’s could overreach and give his once existing lien apriority.
That assignees had no lien, this court decided at Nashville, 1832. (a) That Gann’s lien continued to exist after he had parted with his right of action, we imagine it would be impossible to maintain. Yet this is a first impression, without the authorities being at hand to aid our enquiries, and therefore we will not conclusively adjudge the point.
2. On the second ground of defence, we are informed the Chancellor dismissed the bill, to wit, that where the vendor conveys the land, he can set up no lien, or any priority of satisfaction, over other creditors of the vendee, for unpaid purchase money.
In Tennessee, our uniform policy has been to permit the most unrestrained alienation of lands, and to hold *208 them liable for the payment of debts, the same as personal property. Such was the provision of the statute of 5 Geo. II, applicable to all the American colonies belonging to Great Britain, and which has been in force for a century. No lien exists on the slave or other personal property, for unpaid purchase money: and the rule that the vendor of land has such lien, was adopted from the British courts, grounded on a policy in reference to the liability of real estate, essentially dissimilar to ours.
By our statutes, where a regular mortgage is taken, and the lien created in the most formal manner, if it be not registered in the time prescribed, it does not affect the creditors of the mortgagor. They may seize and sell the estate. Washington's lessee vs. Trousdale, Mar. and Yer. R. 385. In the case referred to, this court, on different arguments and much consideration, gave such construction to the registry act of 1819, on the principle that the doctrine of notice had no application to creditors, that in all our acts for the registering of titles, a purchaser for valuable consideration without notice, and a creditor, were placed on the same foot, and that their equity was equal to that of the mortgagee.
If in that case a creditor was preferred against a mortgagee, but who had let the time to register slip, it would be most inconsistent to say, that a secret lien for unpaid purchase money, could be set up, ten years after the ven-dee had been in the visible occupancy and ownership. Had Gann taken from Chester a.mortgage deed on the land, and failed to have it registered until he filed this bill, and there can be no doubt, as against Blair and others, the younger mortgagees, he would have had no remedy. The positive legislation of the country cut it off. How then can the courts of chancery create and enforce a mortgage for unpaid purchase money, without the most manifest violation of the standing policy of the legislature?
It must be borne in mind, the attempt to enforce the lien against the creditor’s legal title, is now made for the *209 first time in this State. That the like has been done in any American court, we are not informed.
The Supreme Court of the United States, in Bayley vs. Greenleaf, (7 Wheaton,) refused to enforce such lien as against the creditor, merely on the ground that it was the policy of the American States generally, enforced by statutes, to declare all conveyances not recorded, and all secret trusts, void as to creditors, as well as subsequent purchasers without notice. “And that, to support the secret lien of the vendor against a creditor who is a mortgagee, would be to counteract the spirit of these laws.” This decision meets the most decided and unanimous approbation of this court. No State in the Union has more steadily adopted the policy referred to by the Supreme Court of the United States, or has more reasons for being satisfied with it. The decree below will be affirmed.
Decree affirmed.

 Crockett vs. Claiborne, 3 Yerger’s Reports, 27.